# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Samuel Dulaney | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Nationstar Mortgage, LLC | ) | |
| 8950 Cypress Waters Blvd. | ) | |
| Coppell, TX 75019 | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through their attorneys, and, for their Complaint alleges as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

2. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3. Plaintiff, Samuel Dulaney (hereinafter "Plaintiffs") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

4. Plaintiff is a resident of the State of Illinois.

5. Defendant, Nationstar Mortgage ("Defendant"), is Texas business entity with a corporate head office at Nationstar Mortgage, 8950 Cypress Waters Blvd, Coppell, TX 75019, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

6. Unless otherwise stated herein, the term "Defendant" shall refer to Nationstar Mortgage

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. The Plaintiff allegedly incurred a financial obligation to original creditor.
8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)
9. Defendant became the Mortgage Servicer when Defendant was in arrearage on the Mortgage with his original Lender, Parkside Mortgage.
10. On or about September 9, 2022, Plaintiff received a letter from Defendant threatening foreclosure on his home.
11. This was sent certified mail.
12. Nowhere is there a set of rights to dispute or request more information as set forth in 15 U.S.C. Section 1692g(a).
13. Moreover, the due date to "cure" and get out of default was set for 10/02/2022, significantly less than thirty days set forth in 15 U.S.C. Section 1692g(a).
14. In that same letter, "[I]f you request in writing, Mr. Cooper will not contact you by phone at your place of employment." See Exhibit.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
16. The Defendant violated Section 1692g by failing to provide Plaintiff with his rights under 15 U.S.C. Section 1692g(a)
17. The Defendant violated 15 U.S.C. Section 1692e by misstating Plaintiff's rights under the law-namely that Plaintiff had to send written correspondence to stop calls at work, in contradiction to Plaintiff's rights under 15 U.S.C. Section 1692c(a)(3).
18. Plaintiff is entitled to damages as a result of Defendants' violation.

## STANDING AND INJURY

19. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
20. Since Plaintiff was not allowed to exercise his rights under 15 U.S.C. Section 1692g(a), he could not stop the Foreclosure lawsuit filed on November 15, 2022.
21. Plaintiff now faces a Foreclosure lawsuit since he was not able to exercise his rights under said Code Section.
22. Defendant has threatened his expectation of seclusion at his place of employment.

## JURY DEMAND

23. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

24. Plaintiff demands the following relief:

   a. Judgment against Defendant, awarding the Plaintiff actual damages.
   b. Judgment against each of the Defendant, awarding the Plaintiff Statutory damages
   c. Judgment against Defendant, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees;
   d. Judgment against Defendant, awarding the Plaintiff punitive damages in such amount as is found appropriate; and
   e. Any other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff